## MICHAEL SEVEY *vs.* MARY CHICK.

Where in a writ of entry the counsel for the respective parties made and filed in the case a written agreement, that the title to the demanded premises of the lessor of the tenant might be given in evidence in defence; and such lessor, in the same manner, under his hand, agreed, " that his title should be tried in that action, the same, as though the suit was against him"; and on the trial this title was given in evidence, a verdict returned for the demandant, and judgment rendered thereon; such judgment is an estoppel against an action, demanding the same premises, brought by such lessor against the grantee of the demandant in the first action.

Such judgment may be given in evidence under the general issue.

EXCEPTIONS from the Court of Common Pleas.

This was a writ of entry wherein the demandant, counting on his own seisin, demanded a tract of land in *Wiscasset,* and was tried before *Smith J.* upon the general issue.

The plaintiff, in support of his action, read in evidence a deed from *Joseph Munsey* to *Samuel Munsey, Aug.* 14, 1823, and from *Samuel Munsey* to himself, *Sept.* 6, 1828, and there rested his case.

The tenant then offered in evidence the record of a judgment in favor of *Thomas Kennedy* against *Joseph Munsey,* in *December,* 1826, and an execution upon it, and levy of it upon the demanded premises, *January* 23, 1827, in due form and duly recorded. Also a deed from said *Kennedy* to *Silas Chick,* now deceased, husband of the tenant, dated *May* 5, 1831. Also the record of a judgment of the Supreme Judicial Court for said county of *Lincoln,* rendered at the *Sept. Term* thereof, 1830, in favor of said *Kennedy* against said *Joseph Munsey* in a writ of entry, in which the general issue was pleaded and joined. Said record or process containing, and filed in the case, the following papers used in the said trial, as certified by the clerk, viz.

" *Thomas Kennedy* v. *Joseph Munsey.* The plaintiff agrees, that the defendant, under the general issue, may give in evidence the supposed title of *Michael Sevey* to the demanded premises in the same manner, as if the said *Munsey* held a deed from said *Sevey* instead of a lease which he now holds.

"*Sept.* 14, 1830. *John H. Sheppard,* attorney for plaintiff.

".The defendant also agrees to the above. By *J. Bailey*, his attorney.

" And the said *Sevey* agrees his title shall be tried in this action, the same, as though the suit was against him.

" *Michael Sevey.*

" Attest, *Nathaniel Coffin, Clerk.*

" I also certify, that there were used, in the trial, and are now on file in the above case the following papers, viz.—a deed of *Joseph Munsey* to *Samuel Munsey*, dated *Aug.* 14, 1823, deed *Samuel Munsey* to *Michael Sevey*, dated *Sept.* 6, 1828, and a lease from *Michael Sevey* to *Joseph Munsey*, dated *Sept.* 19, 1828, of the same land described in the plaintiff's writ.

" Attest, *Nathaniel Coffin, Clerk.*"

It was admitted by the parties, that these signatures were genuine, and that a trial was had and a verdict rendered in that case in favor of said *Kennedy* against said *Jossph Munsey*, at said *Sept.* term, 1830, that said *Joseph* did disseise the said *Kennedy*, and that judgment was duly rendered thereon.

.The defendant thereupon contended, that the plaintiff was estopped in the present action. The Judge of the Common Pleas directed the jury, that the defendant was estopped by the former judgment; and by consent of parties a verdict was returned in favor of the tenant. To this direction the plaintiff excepted.

*Barnard,* for the plaintiff.

If the defendant intended to rely upon the judgment, *Kennedy* v. *Munsey*, as an estoppel, it should have been pleaded, or filed in a brief statement, instead of a plea under the statute. If instead of pleading the estoppel, issue is taken on the fact, the jury are at liberty to find the truth. 1 *Stark. Ev.* 205; *Howard* v. *Mitchell*, 14 *Mass. R.* 241 ; *Adams* v. *Barnes*, 17 *Mass. R.* 369.

Estoppels are not to be favored, because thereby the truth is excluded. *Leicester* v. *Rehoboth*, 4 *Mass. R.* 189 ; *Bridgwater* v. *Dartmouth, ibid.* 273. The doctrine of estoppel is to be received in great strictness, and no fact is to be taken by inference.. *Guild* v. *Richardson*, 6 *Pick.* 369. No man is barred of his right by way of estoppel, in a case like the present, but by record or deed. 1 *Stark. Ev.* 185; *Whitney* v. *Holmes*, 15 *Mass. R.* 152. And none are estopped by deed or pleadings,

but parties or privies. *Braintree* v. *Hingham*, 17 *Mass. R.* 432 ; 1 *Stark. Ev.* 185, 190.

In the case now in hearing, the plaintiff ought not to be estopped from trying his title, because the agreements of counsel, and the paper signed by the plaintiff, are no part of the record ; nor does it appear from the record, that these papers, or the plaintiff's title, ever went to the jury. The report of a Judge is no part of the record ; nor are the papers or documents filed in a case. *Coolidge* v. *Inglee,* 13 *Mass. R.* 51. A record is evidence only of what is in issue, and what appears on the record only is conclusive of the matter ; and therefore evidence is not admissible to shew, that any matter occurred at the trial not appearing on the face of the record. *Sintzenick* v. *Lucas,* 1 *Esp. R.* 43.

The case shews, that the plaintiff holds the elder title, and that it was on record prior to the former suit. If the writing signed by the plaintiff is to have the effect of an estoppel, it will operate as a conveyance, a release and confirmation of the land to *Kennedy.* It is contended this cannot so operate. *Whitney* v. *Holmes,* 15 *Mass. R.* 152 ; *Adams* v. *Barnes,* 17 *Mass. R.* 369. Estoppels to be binding must be mutual ; and as this could not bind *Kennedy, Sevey* is not bound by it. *Worcester* v. *Green,* 2 *Pick.* 425.

*Wood,* for the tenant, contended, that the demandant was estopped by the record referred to in the case. In that case *Munsey* claimed under the present plaintiff, as lessor, and he might have vouched in *Sevey* to defend him. But *Sevey* came in voluntarily and took upon himself the defence of the action, and agreed to become the real defendant and have his title tried in that suit. If he had been the nominal, as well as real defendant, it is certain, that he would be estopped to try the action over again in a suit against the present defendant. The estoppel runs with the land, and extends to all who are privies in estate. *Adams* v. *Barnes,* 17 *Mass. R.* 365. It is said, that estoppels are odious, but they ought not to be so considered, where they tend to prevent multiplicity of suits, and constitute a part of the title to the land. The husband of the tenant might well believe he was not purchasing a lawsuit, after a solemn decision of the title in favor of his grantor. *Haines* v. *Gardner,* 1 *Fairf.* 383 ; 6

*Dane's Abr.* ch. 177, art. 5; *ibid,* ch. 160, art. 7, 8; *Com. Dig. Estoppel B ; Williams* v. *Gray,* 3 *Greenl.* 213.

The agreements are as much a part of the case, as the issue, or any other part, and if they are not entered, as such by the clerk, they should be, and the court will not suffer any omission of his to prejudice parties. But it clearly appears, that the title to the demanded premises was tried in the former suit between him, as the real party, and *Kennedy,* under whom the tenant claims, a verdict returned in *Kennedy's* favour and a judgment upon it. Unless that suit settles the title, every time there shall be a new owner, the plaintiff may bring a new suit, and try his claim over again.

It was unnecessary to plead the estoppel ; it may be given in evidence. *Williams* v. *Gray,* before cited.

The action was continued *nisi,* and the opinion of the Court subsequently drawn up by

WESTON C. J. — The agreement of the immediate parties, by their counsel, in the suit *Thomas Kennedy* v. *Joseph Munsey,* and of *Michael Sevey* for himself, certified by the clerk, is to be regarded as part of the record in that case. It must have been so intended and so received. It gave a direction to the cause, which could not otherwise have been legally admissible. The agreement of *Sevey* is subjoined to that of the immediate parties, recognizing what they proposed and stipulating that his title should be tried in that suit, as if brought against himself.

It is deducible from this arrangement, that the demandant there was desirous of having the validity of his title determined, and accordingly brought his action against *Joseph Munsey,* the tenant in possession. As it turned out that he was not tenant of the freehold, but the mere lessee of *Sevey,* that object was in danger of being defeated. But as *Sevey* was equally desirous, that it should be ascertained in that suit, which had the better title, the arrangement made was adopted, as an expedient for their mutual accommodation. It brought before the court, by the consent of all concerned, the parties in interest. *Sevey* was not a mere stranger. There was a privity between him and *Munsey.* The course pursued became virtually a rule of court. It must have

received their sanction. The effect of it was, to permit *Sevey* to take the place of the party defendant, it having been expressly stipulated, that if he could show the better title, a verdict and judgment thereupon, should be rendered against the demandant.

In the position, which *Sevey* was permitted to occupy, he had the same right, either to assail the demandant's title, or to establish his own, which he would have had, if the action had been brought against himself. He was indeed at his own request, and by the consent of the other parties, and by the permission of the court, received as a party. If the action had been brought against him, his title, as compared with that of the demandant, would have been tried and determined, and he would have been concluded by the result. He agreed that his title should be tried, as if it had been so brought ; and it was tried accordingly. If he is not to abide by the determination, the other side was deceived and misled, and the court trifled with. The parties merely beat the air. It was a conflict without end or aim, deciding nothing, and leaving the combatants at liberty to renew the controversy.

The former trial must have turned upon the question, whether the deed from *Samuel* to *Joseph Munsey* was operative, as against the creditors of *Samuel*. *Kennedy* succeeded at that time, by testimony then in his power to adduce, in defeating that deed. *Sevey* had opportunity to cross examine his witnesses, and to introduce repelling testimony. Failing then, if he may lay by, until the witnesses against him have disappeared, by death or otherwise, or until the facts have faded from their memory, and then litigate the question anew, he has an advantage, which it might be difficult successfully to resist. His evidence, resting in written documents and in the public registry, is preserved. Time weakens, and soon destroys that which was relied upon on the other side. *Kennedy* may be presumed to have been off his guard, taking no measures for its preservation, confiding in the result of the former suit, and in the faith of *Sevey* then pledged of record, under the eye and with the sanction of the court. He now invokes the aid of the same court to enable him to escape from the consequences of an engagement, thus solemnly made, and to open a controversy, supposed to have been put at

rest, after a fair trial, in which he had the fullest opportunity to be heard.

Authorities have been adduced to show, that a stranger cannot take advantage of an estoppel, and is not bound by it. It does not appear to us, that *Sevey* was a stranger to the former suit. It was brought against his lessee. He presented himself and was received as a party ; and we think he ought not now to be permitted to assume that he was not. It was there determined that *Kennedy's* title was better than his. The husband of the tenant held under *Kennedy*, and she under her husband. She is then privy to that judgment, and may take advantage of it. The estoppel raised by that judgment, between *Kennedy* and *Sevey*, became part of *Kennedy's* title, and passed with the land to his assignees, and such an estoppel, when given in evidence, is to have the same effect, as when specially pleaded. *Adams* v. *Barnes*, 17 *Mass. R.* 365. The opinion of the Court is, that the decision of the Judge in the court below, ought to be sustained.

*Exceptions overruled.*