WILLARD G. NASH *vs.* MICHAEL[1] F. D'ARCY.

Suffolk.   January 15, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction.*

A bill in equity will not lie to restrain the prosecution of an action of law, on grounds which the plaintiff in equity set up as an equitable defence to the action at law, and on which he has been heard fully in that action, although technically he was not a party to the action at law, having been permitted to conduct the defence in behalf of the nominal party.

BILL IN EQUITY, filed February 18 and amended November 13, 1901, to enjoin the prosecution of a writ of entry against one Annie Mooshkin for certain real estate on Allen Street in Boston.

In the Superior Court the case was heard by *Braley*, J., who

made a decree dismissing the bill with costs.  The plaintiff appealed.

*C. H. Stebbins,* for the plaintiff.

*A. Bon,* (*J. C. Sharkey* with him,) for the defendant.

KNOWLTON, C. J.   The defendant, having a debt against Morris Silberstein and Bernard Silberstein, brought a suit to recover it, and attached real estate as their property standing in the name of their mother, Annie Mooshkin, which was conveyed to her in fraud of their creditors.  The plaintiff and one Pinkham, a short time before, had taken from her a deed of this property, having knowledge that her title was fraudulent as against her sons' creditors, which deed had not been recorded at the time of the attachment.  She gave a bond to dissolve the attachment, and the plaintiff entered into an obligation to indemnify and protect the surety on the bond from its liability. The present defendant recovered a judgment for his debt, and brought a writ of entry against Mooshkin under the Pub. Sts. c. 161, § 128, to establish his title as a foundation for an action on the bond.  The deed to the plaintiff from Mooshkin was given to secure him and a corporation called the I. W. Pinkham Company for the payment of debts due from her two sons.  The defendant knew of this deed before he attached the property. This bill is brought to enjoin the prosecution of the writ of entry on the ground that the plaintiff's equitable rights, by reason of his liability to the surety on the bond and because of his title under the deed from Mooshkin, are superior to the defendant's rights under his attachment.

The facts relied on by the plaintiff might be availed of in either of two ways: they might be set up as an equitable defence to the writ of entry if the tenant would consent to plead them or allow them to be pleaded in her name; or they might be averred, as they have been, in this bill in equity brought to obtain an injunction against a prosecution of the action at law. But the party relying on them cannot use them in both suits, first trying one, and then, if unsuccessful, trying the same issues a second time in the other.  That is what the plaintiff is now endeavoring to do.  It is found that the tenant in the writ of entry appeared by the counsel of the present plaintiff and defended the suit in his behalf, setting up in her plea and answer

everything that is found in the plaintiff's favor in the present suit. Subsequently other counsel of the present plaintiff, the same who represent him in this case, appeared in his behalf as counsel for the tenant and tried the case. A verdict was rendered for the demandant. Exceptions were filed by the tenant which are still pending.

We are of opinion that the plaintiff has made an election of remedies which precludes him from obtaining further relief against the defendant in this suit. It is true that he was not technically a party in the real action, and perhaps without the consent of the tenant he could not have obtained a standing to present his equitable defence in that case ; but he was given an opportunity to present it, and has presented it and been fully heard upon it. Equitably, as between him and the defendant, the result should be as binding to prevent further litigation as if he had been technically a party defendant in the action at law. He must, therefore, rest on his rights secured by the pending bill of exceptions.

This principle was applied and made the ground of the decision in *New York, New Haven, & Hartford Railroad* v. *Martin,* 158 Mass. 313. Without considering what the result might be were it not for the previous trial, the decree dismissing the bill must be affirmed.

*So ordered.*