Sullivan, }
Dec. 6, 1910. }

## LAMBERTON *& a.* *v.* DINSMORE *& a.*

A judgment is binding upon a party in interest who files a formal statement of defence as a part of the record in the case.

BILL IN EQUITY, brought by husband and wife to enjoin interference with a right of way alleged to be appurtenant to real estate owned by the wife. In a prior suit brought by the present defendants against the husband for trespass to real estate, there had been a confession as to part, a brief statement of the right of way and its use by the husband as servant of the wife as a defence to the rest of the alleged wrong, a special verdict that the way existed as pleaded, and judgment on the verdict. The brief statement concluded as follows:

" The defendant and the said Ollie M. Lamberton, whose servant and agent defendant was at the time of the alleged trespass, claim the right as stated and will show that they have the right to travel over said ancient way leading as stated to and from the lands of said Ollie M. Lamberton, for any purpose connected therewith,

and that they and those under whom they claim as matter of right have held and used the same from time immemorial for the purposes aforesaid.

" IRA COLBY & SON,

" Attys. for deft.

" and OLLIE M. LAMBERTON."

In this proceeding, the court (*Pike*, J.) ruled that the existence of the way had not been established as between Mrs. Lamberton and Dinsmore, and the plaintiffs excepted.   Transferred from the May term, 1910, of the superior court.

*Hosea W. Parker* and *Ira G. Colby*, for the plaintiffs.

*Edward R. Buck* (of Vermont) and *Scott Sloane*, for the defendants.

PEASLEE, J.   The special defence of a right of way set up in the trespass suit, and the verdict and judgment thereon, settled the title to the way as between the parties to that action.   *Potter* v. *Baker*, 19 N. H. 166 ; *Bartlett* v. *Prescott*, 41 N. H. 493 ; *Moran* v. *Mansur*, 63 N. H. 377.   The question here is whether the wife, Ollie M. Lamberton, was a party to that litigation.   This query is not necessarily determined by the record recital of parties plaintiff and defendant.   One who is liable over for the acts of the defendant and has notice of the suit is concluded by the judgment therein when thereafter sued by the original defendant.   *Hubbard* v. *Gould*, 74 N. H. 25 ; *Boston & Maine R. R.* v. *Brackett*, 71 N. N. 494 ; *Boston & Maine R. R.* v. *Sargent*, 70 N. H. 299 ; *Gregg* v. *Company*, 69 N. H. 247.   Whether it is universally true that after such a proceeding the judgment is conclusive between the original plaintiff and the party notified to defend, may not be so clear.   It is held by some courts that a notice from the defendant which is no part of the record may bind the third party.   *French* v. *Parish*, 14 N. H. 496, 502.   But if this were done without the knowledge of the plaintiff, it would seem that he would not be bound, and, as the estoppel must be mutual (*Parker* v. *Moore*, 59 N. H. 454, 456), neither would the third party be bound as to the plaintiff. It is not necessary to pursue this inquiry, for the present case is not of this class.   Here the party liable over filed as a part of the record in the case a formal statement of defence, avowing the acts of the then defendant as those of her servant, and setting up her own title by way of defence.   Although there was no formal order that she be made a party, it must be inferred that she was per-

mitted by the court to become one, and that the plaintiff made no objection to the course pursued. If this were not so, her proffer of defence should have been stricken from the record. *Sevey* v. *Chick*, 13 Me. 141. The judgment binds not only those who on the technical record have the right to make defence, but also "those who *assume* such a right." Big. Est. (2d ed.) 47. Had the verdict been that the right of way did not exist, the issue would have been finally settled as between her and the original defendant; and since there was ample notice to all parties of her position in that suit, it is also determined as between any two of them. *Sevey* v. *Chick, supra; Nash* v. *D'Arcy*, 183 Mass. 30; *Castle* v. *Noyes*, 14 N. Y. 329. The true test is whether the same parties have once contested the same issue. They have done so in this matter and are bound by the result.

*Exception sustained.*

All concurred.