Sullivan, }
June 27, 1913. }

### OLA M. LAMBERTON *& a. v.* KATE DINSMORE *& a.*

In an action to restrain interference with a way, the right to which was deter-
mined in a prior suit between the same parties, the defendant is not entitled to
a trial by jury upon the question whether the way described in the petition is
the same as that set out in the pleadings in the original action; and such issue
can only be raised in a proceeding for violation of the injunction.

BILL IN EQUITY, to restrain the defendants from interfering with
the plaintiffs' right of way, extending from the Punkshire road to
the plaintiffs' land over land of the defendants. The court enjoined
the defendants and they excepted. Transferred from the Novem-
ber term, 1912, of the superior court by *Plummer*, J.

*Hosea W. Parker* and *Ira G. Colby* (by brief and orally), for the
plaintiffs.

*Edward R. Buck* (of Vermont) and *Scott Sloane* (*Mr. Sloane* orally),
for the defendants.

YOUNG, J. It was held when this case was here before that the
judgment in *Dinsmore* v. *Lamberton* (Sullivan, May term, 1907)
decided that the plaintiffs in this action had a right of way over
the defendants' land as described in their brief statement in the
former suit. *Lamberton* v. *Dinsmore*, 75 N. H. 574, 575. The
defendants' contention that it has never been decided that the plain-
tiffs have a right of way over their land is therefore not open to
them.

The defendants contend that the court erred in enjoining them,
because they were entitled to a jury trial of the issue as to whether
the way described in the plaintiffs' petition is the same way that
was described in their brief statement in the former action. But
that contention is not open to them in this proceeding. It can
only be raised in a proceeding to punish them for a violation of the
injunction.

*Exception orerruled.*

All concurred.