Grafton, }
Dec. 1, 1936. }

EVA W. STRAIN, *Adm'x v.* ARTHUR C. CHANDLER.

*Edgar M. Bowker* (by brief), for the plaintiff.

*Fred A. Jones*, for the defendant, furnished no brief.

MARBLE, J. If, by direction of an attaching creditor, "a sheriff, constable or other officer innocently commits a tort by seizing specifically designated goods of another person, the officer on compensating the tortfeasee may have compensation from the person so directing him." Campbell, "Non-Consensual Suretyship," 45 Yale Law Journal, 69, 88.

The pertinent facts found by the referee may be summarized as follows. Sometime previous to December 11, 1931, the defendant sold a motor truck to one Marcou, who in turn gave the defendant a mortgage on the truck to secure its purchase price. Marcou sold the truck to one Stimson and on December 11, 1931, paid the mortgage debt. This payment did not discharge the whole of his indebtedness to the defendant, however, and later, on the same day, the defendant's attorney brought suit against Marcou for the balance due. Apparently the defendant claimed that the bill of sale from Marcou to Stimson was fraudulent and so directed the plaintiff's intestate, as sheriff, to seize the truck. This the sheriff did. Ten days later the defendant instructed him to release the attachment, and he obeyed this instruction "so far as he was able." By this time, however, Stimson was unwilling to accept a return of the truck.

The plaintiff's intestate died on March 4, 1932. His estate was administered as insolvent. Stimson presented a claim to the commissioner for conversion of the truck by its wrongful attachment as the property of Marcou. The claim was disallowed and Stimson

took an appeal. The appeal was entered in the Superior Court and tried by jury, resulting in a verdict for Stimson. Before trial counsel for the present plaintiff (defendant in the Stimson suit) notified Chandler, the present defendant, by registered letter that the suit was pending and that he would be held liable for any judgment rendered in the case and for "the disbursements and legal services incident to defending the same." Counsel for the defendant excepted to the introduction of this letter on the ground that the notice did not cite Chandler in as a party defendant. The referee admitted the letter and ruled that Chandler "was as a matter of law bound by the facts determined in the Stimson-Strain case."

Where suit is brought against a defendant to recover for an injury caused by his wrongful conduct it is the general rule that "One who is liable over for the acts of the defendant and has notice of the suit is concluded by the judgment therein when thereafter sued by the original defendant." *Lamberton* v. *Dinsmore*, 75 N. H. 574, 575. See also *Howe* v. *Howe*, 87 N. H. 338, 339, and cases cited.

The contention that the notice was not seasonably given is without merit. Chandler lost no rights by the plaintiff's failure to notify him of the hearing before the commissioner. Stimson's claim was disallowed, and the case, when tried in the Superior Court on appeal, was "heard anew, like an original action." *Cook* v. *Bennett*, 51 N. H. 85, 91.

The defendant excepted to the allowance of attorney's fees and expenses incurred by the plaintiff in defending the Stimson action but conceded that the charges were reasonable. Since the defendant was notified of the pending litigation and failed to defend, the plaintiff is entitled to recover those items. *Hubbard* v. *Gould*, 74 N. H. 25, 28.

If there are any inconsistencies between the original report and that subsequently filed, they are of no materiality. New evidence was introduced at the second hearing before the referee, and the supplemental report embodies the ultimate findings based on that evidence.

In view of the conclusions reached the remaining exceptions need not be considered.

*Exceptions overruled.*

PAGE, J., was absent: the others concurred.