Argued July 2, affirmed September 10, 1964

# ROBINSON *v.* TRINITY EPISCOPAL CHURCH
### 395 P. 2d 282

*James O. Goodwin,* Oregon City, argued the cause for appellant. On the brief were Jack, Goodwin & Anicker.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Hollister & Thomas, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell and Lusk, Justices.

O'CONNELL, J.

This is an appeal from a judgment on the pleadings entered in favor of defendant when plaintiff declined to plead further after a demurrer to his second amended complaint was sustained.

Plaintiff's final pleading was entitled "Second Amended Complaint in Assumpsit." The second amended complaint alleged in substance that Robert Robinson was the unemancipated minor son of plaintiff, living at plaintiff's home and supported by him; that defendant obtained Robert's services by causing him to participate in a boxing smoker conducted on defendant's premises; that Robert suffered a fractured elbow in performing these services; that Robert required medical treatment and hospitalization "to plaintiff's damage in the sum of $675.00, whereby defendant became indebted to plaintiff for such sum"; that plaintiff made demand upon defendant to pay the same but defendant refused to do so and that as a consequence plaintiff suffered "property damage" in the sum of $675.00.

Under certain circumstances a person may recover in quasi contract for the interference with his right to

the services of a third person. The rule is stated in Restatement, Restitution 552, § 135 (1937):

"A person who has tortiously obtained the services of a third person to which another is entitled aside from contract is under a duty of restitution to the person thereby deprived for the value of the services."

The comment to § 135 explains that rule applies "to the case where a person obtains the services of an unemancipated minor child * * * to which the parent * * * is entitled, the services being obtained by means which are tortious as to the parent * * *. Thus it applies where a person entices away and employs a child knowing that the parent does not consent to such employment." It is further noted in the comment that "The measure of restitution is not, as in an action of tort, the amount which the parent * * * has lost by the deprivation of the services, but the value of the services received, provided that the claimant was entitled to receive the kind of services rendered."

In the present case it is apparent that relief is sought on the theory of the existence of a contract implied in law as distinguished from a contract implied in fact. The complaint, to withstand demurrer, must, therefore, contain the elements set out in Restatement, Restitution § 135. There is nothing in the second amended complaint which can be regarded as an allegation that defendant obtained the services of the child by means which were tortious as to plaintiff.

■■ The first amended complaint contained an allegation that the child's services were obtained "without the consent of plaintiff or the mother of said minor." This portion of the first amended complaint

was stricken upon defendant's motion. Plaintiff did not re-allege the matter in his second amended complaint. Assuming without deciding that the allegation is sufficient to charge defendant with tortious conduct in obtaining the services of plaintiff's son, we are not concerned with it upon this appeal because plaintiff has not assigned as error the trial court's action in striking it from the first amended complaint.[1] There is, therefore, no allegation that defendant tortiously obtained the services of Robert. This being an essential element in plaintiff's cause of action the demurrer was properly sustained.

The complaint is deficient in another respect. It is clear from the complaint that plaintiff does not seek to recover the value of the services to defendant but on the contrary seeks to recover expenditures made by him for medical and hospital costs. The quotation above from the Restatement of Restitution explains that the measure of restitution in quasi contract "is not, as in an action of tort, the amount which the

---

[1] ORS 16.400 (2) provides:

"(2) In all cases where part of a pleading is ordered stricken, the court, in its discretion, may require that an amended pleading be filed omitting the matter ordered stricken. By complying with the court's order, the party filing such amended pleading shall not be deemed thereby to have waived the right to challenge the correctness of the court's ruling upon the motion to strike, and such ruling shall be subject to review on appeal from final judgment in the cause."

The order to strike permitted plaintiff to replead within ten days. An order in this form is regarded as requiring the pleader to omit from a subsequent pleading the matter stricken. Lane County v. Bristow, 179 Or 653, 656, 173 P2d 954 (1946). However, the court's ruling is reviewable on appeal only if it is assigned as error, which plaintiff did not do in the present case. Lawrence Whse. Co. v. Best Lbr. Co., Inc., 202 Or 77, 271 P2d 661, 273 P2d 993 (1954); Carter v. LaDee Logging Co., 142 Or 439, 18 P2d 234, 20 P2d 1086 (1933).

parent * * * has lost by the deprivation of the services, but the value of the services received * * * *."

The complaint falls short of stating a cause of action in quasi contract. Therefore the demurrer to the complaint was properly sustained.

Judgment affirmed.