2005-NMCA-055

112 P.3d 296

**Jared G. BARRERAS, Petitioner–Appellee,**

v.

**NEW MEXICO MOTOR VEHICLE DIVISION, Respondent–Appellant.**

**No. 24,207.**

Court of Appeals of New Mexico.

March 30, 2005.

Jared G. Barreras, Albuquerque, NM, Pro Se Appellee.

Patricia A. Madrid, Attorney General, Albert Roland Fugere, Special Assistant Attorney General, Santa Fe, NM, for Appellant.

Brian A. Pori, Inocente, P.C., Albuquerque, NM, for Amicus Curiae New Mexico Criminal Defense Lawyers Association.

## OPINION

PICKARD, Judge.

{1} Respondent (sometimes called Motor Vehicle Division or MVD) appeals from the district court's granting of Petitioner's petition for a writ of mandamus by a final order, ordering that his plea of guilty to a traffic offense, made pursuant to signing a uniform traffic citation, be withdrawn and that the metropolitan court proceed to trial on the matter. We affirm because the defects about which Respondent complains were waived or are without merit, and any potentially meritorious issues were raised on appeal for the first time in the reply brief, which is considered too late to raise an issue for consideration on appeal. *See Jaramillo v. Fisher Controls Co.*, 102 N.M. 614, 625, 698 P.2d 887, 898 (Ct.App.1985) ("An issue raised for

the first time in the reply brief will not be considered.").

## FACTS

{2} Petitioner's unverified petition alleged that he was accused of driving ten miles over the speed limit and that the officer gave him the option of "sign[ing] the citation or hav[ing] a trial contesting guilt." The petition further alleged that he did not know of other legal options and, as a result, he "inadvertently wa[i]ved his right to a day in court ... and to [s]eek [a] deferred sentence." There was no certificate of service in the record, but a notice of hearing was mailed to MVD, following which MVD filed a notice of excusal of the assigned judge, Judge Baca.

{3} The matter was assigned to Judge York and was set for hearing, with another notice being mailed to MVD. MVD did not appear at the hearing. A recess was taken during which the judge's office attempted unsuccessfully to contact the attorney for MVD or someone from his office, and the hearing commenced again. Following the hearing, the district court entered a final order, withdrawing Petitioner's guilty plea and ordering MVD to return a copy of the uniform citation to metropolitan court for trial on the merits. This order recited that MVD was served with a verified petition and a writ of mandamus, but there is nothing in the record indicating any verification of the petition, any writ of mandamus, or any service on MVD other than the mailing of requests for and notices of hearing.

{4} After MVD filed its brief in this case, Petitioner did not respond and the case was submitted in accordance with Rule 12–312(B) NMRA. However, because this case is one of several raising similar issues, we perceived the matter to be of public importance, and we invited the participation of the New Mexico Criminal Defense Lawyers Association as amicus curiae. We are grateful for its participation, which has provided Petitioner with advocacy. When we refer in this opinion to Petitioner's contentions, we are referring to arguments made on their behalf by amicus.

## DISCUSSION

{5} MVD contends that the district court never acquired jurisdiction over it because neither it nor the Attorney General was ever personally served with process allowing the district court to acquire jurisdiction over it. MVD also contends that the district court did not acquire jurisdiction over it because the petition was not verified. Petitioner responds that MVD waived its issues, that the facts were never in dispute and the requirement of verification is a technicality under such circumstances, that he substantially complied with applicable service requirements, and this Court should not reverse the issuance of the writ because his entitlement to the writ was clearly shown due to his allegation of an involuntary plea. MVD argues the merits of the allegation of an involuntary plea for the first time in its reply brief.

{6} Although we decline to reach the merits of the involuntary plea issue, we express our reservations about Petitioner's claim on the merits as we did in *Trujillo v. Goodwin*, 2005–NMCA–095, ¶ 7, 138 N.M. ——, 116 P.3d 839 [No. 24,115, (Mar. 30, 2005) ]. Further, we agree with MVD on the merits that the absence of service in this case would ordinarily preclude the district court from binding the MVD by any judgment. *See id.* ¶¶ 8–10.

{7} However, in this case, as soon as MVD received notice of the hearing before Judge Baca, it filed a notice of peremptory challenge pursuant to Rule 1–088.1 NMRA. MVD argues that it did not understand the filing of its challenge to constitute a general appearance. But our courts have "consistently followed the rule" that

> If the appearance be for the purpose of objecting to the jurisdiction of the court, and is confined solely to the question of jurisdiction, then the appearance is special; but any action upon the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance.

*Guthrie v. Threlkeld Co.*, 52 N.M. 93, 96, 192 P.2d 307, 308 (1948) (internal quotation marks and citations omitted). Thus, MVD waived any objection to personal jurisdiction. For the same reasons, because the notice of peremptory challenge was made by counsel in his capacity as "Special Assistant Attorney

**438**

General," we hold that any objection to personal jurisdiction based on a failure to serve the Attorney General would also be without merit.

{8} We next determine whether the failure to verify the petition for the writ was fatal to the jurisdiction of the district court. MVD argues that petitions for writs of mandamus are analogous to motions for orders to show cause why a person should not be held in contempt, which must be verified if they are not initiated by the judge for conduct occurring in the presence of the court. *See In re Byrnes*, 2002–NMCA–102, ¶ 37, 132 N.M. 718, 54 P.3d 996. Since contempt can result in a fine or imprisonment, we are not persuaded that the formalities applicable to contempt apply to writ of mandamus procedure.

{9} To be sure, the governing rule requires a verified pleading. *See* Rule 1–065(C), NMRA. The statutes, however, are silent on the matter. *See* NMSA 1978, §§ 44–2–1 to –14 (1884, as amended through 1887). Furthermore, our cases hold that defects in the pleadings in mandamus cases can be waived. *City of Sunland Park v. N.M. Pub. Regulation Comm'n*, 2004–NMCA–024, ¶ 8, 135 N.M. 143, 85 P.3d 267. This is particularly the case where the facts are not contested. *Id.* ¶ 9. Because MVD appeared generally in the case and subsequently did not answer or appear at any hearing, we hold that MVD waived any formal defects in the petition for writ.

## CONCLUSION

{10} Because MVD waived below the issues it properly raised on appeal and because we do not reach the issues not properly raised on appeal, we affirm the district court's final order.

{11} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge and A. JOSEPH ALARID, Judge.