2005-NMCA-056

112 P.3d 303

**Kathleen Ann COLLADO, Petitioner–Appellee,**

v.

**NEW MEXICO MOTOR VEHICLE DIVISION, Respondent– Appellant.**

**Ann Marie Zambrano, Petitioner– Appellee,**

v.

**New Mexico Motor Vehicle Division, Respondent–Appellant.**

**Nos. 23,938, 23,939.**

Court of Appeals of New Mexico.

March 30, 2005.

Kathleen Ann Collado, Albuquerque, NM, Pro Se Appellee in No. 23,938.

Ann Marie Zambrano, Albuquerque, NM, Pro Se Appellee in No. 23,939.

Patricia A. Madrid, Attorney General, Albert Roland Fugere, Special Assistant Attorney General, Santa Fe, NM, for Appellant.

Brian A. Pori, Inocente, P.C., Albuquerque, NM, for Amicus Curiae New Mexico Criminal Defense Lawyers Association.

## OPINION

PICKARD, Judge.

{1} Respondent (sometimes called Motor Vehicle Division or MVD) appeals from the district court's granting of Petitioners' petitions for writs of mandamus, ordering that their pleas of guilty to traffic offenses, made pursuant to signing uniform traffic citations, be withdrawn and that the metropolitan court proceed to trial on the matters. We first resolve jurisdictional questions concerning the finality of the orders from which the appeals are taken and the proper method of appellate review. We then summarily address the two issues raised in these cases, which are whether the facts that the petitions were not verified, that proper service was not made on MVD, and that service was not made on the Attorney General were fatal to the district court's exercise of jurisdiction. We hold that they are not and, because MVD did not raise any other issues relating to the merits of these cases until its reply brief, we affirm. We consolidate these cases for decision.

## FACTS

{2} Petitioner Zambrano's unverified petition alleged that she was accused of driving ten miles over the speed limit and that the

officer gave her the choice of either "sign[ing] the citation [and] acknowledging guilt ... or ... appear[ing] in court at a later date to contest guilt." The petition further alleged that Zambrano did not know of the other legally valid options that the officer did not mention and as a result "inadvertently waived her right to a day in court ... [and] to seek a deferred sentence." There was no certificate of service in the record, but a notice of hearing was mailed to MVD, following which there was a hearing. No transcript of that hearing was designated, and no transcript of that hearing was filed. Counsel for MVD appeared at that hearing and objected to the court's subject matter jurisdiction, but, apart from MVD's acknowledgment in its written response that "the Court attempted to cure the fatal jurisdictional flaw [of nonverification] by having the petitioner orally swear in open court to the contents of the petition," we do not know what else happened at that hearing. Without further hearing, but following MVD's filing of its written response, the district court entered a final order, withdrawing Zambrano's guilty plea and ordering MVD to return a copy of the uniform citation to metropolitan court for trial on the merits. MVD appeals. Our notice assigning the case to the general calendar ordered the parties to brief the issues of the finality of the order and the proper procedures for appealing orders from district court mandamus proceedings that require lower court trials.

{3} Petitioner Collado's unverified but acknowledged petition alleged that she was accused of driving eleven miles over the speed limit. Collado's petition further alleged that she "pleaded Not Guilty" and "forthrightly signed the citation with the guilty box checked without the full understanding that the direction of travel did not pass by the [roads identified on the citation,]" and "she was wrongfully identified as the supposed speeding vehicle." She further alleged that she "misunderstood the implications of signing the citation with the guilty box checked." She later amended her petition to contain allegations similar to Zambrano's, but the petition was still not verified, and the record proper contains no certificate of service for it or the writ based thereon. MVD filed a response, containing a limited entry of appearance and contesting both subject matter and personal jurisdiction because the petition was not verified or properly served.

{4} On the date of the hearing, Collado did not appear, and the proceedings were dismissed without prejudice. Collado moved to reinstate, and MVD filed a response to that motion, stating that its appearance was still limited, but asking the court for sanctions in the event of reinstatement. Collado replied that she did not receive a confirmed date of the original hearing. At the hearing on the motion to reinstate, MVD began by opposing the motion to reinstate on the merits, indicating that the writ itself, which was served on MVD by Collado by mail, contained the hearing date. MVD then said, "we need to clear the jurisdictional defects before we proceed." The court entered a final order, withdrawing Collado's guilty plea and ordering MVD to return a copy of the uniform citation to metropolitan court for trial on the merits.

{5} After MVD filed its brief in these cases, Petitioners did not respond, and the cases were submitted in accordance with Rule 12–312(B) NMRA. However, because these cases are two of several raising similar issues, we perceived the matter to be of public importance, and we invited the participation of the New Mexico Criminal Defense Lawyers Association as amicus curiae. We are grateful for its participation, which has provided Petitioners with advocacy. When we refer in this opinion to Petitioners' contentions, we are referring to arguments made on their behalf by amicus.

## DISCUSSION

### Finality of Order

{6} The issue of finality arises because the district court's orders did not end the cases, but instead remanded them to metropolitan court for trial on the merits. Ordinarily, an order remanding a case is not a final order, sufficient to allow this Court to exercise jurisdiction. *High Ridge Hinkle Joint Venture v. City of Albuquerque,* 119 N.M. 29, 33–34, 888 P.2d 475, 479–80 (Ct. App.1994). However, there are exceptions to the general rule, and one such exception applies the doctrine of practical finality to

hold that a remand order is sufficiently final for appeal if the party opposing remand would be unable to have the propriety of the remand heard at a later date. *Id.* at 34–36, 888 P.2d at 480–82. It is apparent that if Petitioners have their way in metropolitan court, they could well be acquitted or could well be allowed deferred adjudications of guilt or deferred sentences, from which MVD would have no ability to appeal. *See State v. Ahasteen,* 1998–NMCA–158, ¶¶ 11–13, 126 N.M. 238, 968 P.2d 328 (stating that where a remand to magistrate court could well result in a judgment of acquittal, this Court would hear the State's appeal). Accordingly, the remand orders are sufficiently final to hear the appeals now.

### Proper Appellate Procedure

■ {7} The issue of proper appellate procedure arises because of NMSA 1978, § 44–2–14 (1887), which states that "in all cases of proceedings by mandamus in any district court of this state, the final judgment of the court thereon shall be reviewable by appeal or writ of error in the same manner as now provided by law in other civil cases." Our Rules of Appellate Procedure now provide for review of certain orders by writ of error. Rule 12–503 NMRA. We review collateral orders under writ of error procedure. *See Carrillo v. Rostro,* 114 N.M. 607, 617, 626, 845 P.2d 130, 140, 149 (1992). However, we have reviewed district court mandamus orders, requiring hearings in the lower courts, as direct appeals, indicating that we have jurisdiction to do so. *See State ex rel. Whitehead v. Vescovi–Dial,* 1997–NMCA–126, ¶ 2, 124 N.M. 375, 950 P.2d 818. We see no reason, and no party has argued any reason, to depart from this practice in this case.

### Merits

■ {8} The issues raised in MVD's brief in chief in these cases are limited to its contentions that the district court lacked jurisdiction to grant the relief requested because the petitions were not verified and were not properly served. As in *Barreras v. N.M. Motor Vehicle Div.,* 2005–NMCA–055, ¶ 1, 137 N.M. 435, 112 P.3d 296, 2005 WL 1280120 (2005), we do not consider contentions that were not raised in the briefs in chief.

{9} Also, as in *Barreras,* we do not consider the fact that the petitions were not verified to be fatal. *See id.* ¶ 9. In Zambrano's case, MVD admitted below that Zambrano swore to the contents of the petition in open court. In Collado's case, as in *Barreras,* there was no indication below, nor any indication on appeal, that MVD in any way contests the facts alleged in the petition. Instead, even on the merits, MVD's position is a challenge to the legal effect of those facts. Under these circumstances, we reject MVD's contention that the district court lacked subject matter jurisdiction because the initial petitions were not verified.

■ {10} With regard to the service aspects of Zambrano's case, we resolve the issues on the basis that MVD did not provide us with a record sufficient to review the issues. By not designating the transcript of the only hearing that occurred in this case, which appeared to be one that dealt with MVD's initial objections to jurisdiction, MVD has deprived us of a record sufficient to review its issues. As we have held in *Barreras* that defects in service can be waived, *see id.* ¶ 7, we apply the rule that we presume that missing portions of the record would support the trial court's judgment, and we therefore presume that any defects in service were waived or cured at the hearing for which we do not have a transcript. *See State v. Kurley,* 114 N.M. 514, 518, 841 P.2d 562, 566 (Ct.App.1992) ("When the record provided by defendant is incomplete, this court will presume that the absent portions of the record support the trial court's actions.").

■ {11} With regard to the service aspects in Collado's case, as in *Barreras,* we apply the rule that any action on the part of the defendant, except solely objecting to jurisdiction, will constitute a general appearance and waive any defects in service. *Barreras,* 2005–NMCA–055, ¶ 7. In Collado's case, despite attempting to be careful to enter only limited appearances to contest jurisdiction, when the court proposed to dismiss the case for Collado's failure to appear, MVD

cooperated in the court's dismissal without arguing that the court first needed to reach the jurisdictional issues it raised. At the hearing, MVD pointed out to the court that the date proposed for the hearing was in the writ itself. The court announced that it would dismiss the case and said to MVD, "If you would like to submit an order for my signature, you can do so within ten days." MVD said, "Very well, Your Honor. Is that with prejudice?" The court indicated not, and MVD said, "So should I indicate without prejudice, Your Honor?" The court said, "Yes, that will be fine," and MVD said, "Thank you. I will submit that directly to the Court." This cooperation constituted " 'any action upon the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, [and it] will amount to a general appearance.' " *Id.*

(quoting *Guthrie v. Threlkeld Co.,* 52 N.M. 93, 96, 192 P.2d 307, 308 (1948)).

## CONCLUSION

{12} We hold that we have jurisdiction in these cases, and we affirm the trial court's orders.

{13} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and A. JOSEPH ALARID, Judge.