This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALYCIA A. ANDRADE, personal representative of the Estate of Juan Muñoz,**

Plaintiff-Appellant,

v.                                                                                         **No. 30,097**

**NAOMI ARELLIN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Joseph David Camacho
Albuquerque, NM

for Appellant

Law Offices of Bruce S. McDonald
Lucinda R. Silva
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**SUTIN, Judge.**

Plaintiff Alycia Andrade appeals the district court's dismissal with prejudice of her complaint for personal injury against Defendant Naomi Arrellin. The dismissal was pursuant to Rule 1-041(E)(1) NMRA, under which the district court found that Plaintiff had failed to take any significant action to bring her claim to trial within two years of filing her complaint. We affirm the district court's dismissal.

**BACKGROUND**

Underlying Plaintiff's complaint was an automobile accident that occurred in July 2003 between Juan Muñoz and Defendant. According to Plaintiff's complaint, Defendant's negligent driving caused Mr. Muñoz to suffer physical and other injuries. In June 2006, Mr. Muñoz's counsel filed in the district court a complaint for personal injury, naming Mr. Muñoz as the plaintiff. In June 2006, Plaintiff's counsel hired a process server who attempted, unsuccessfully, to serve Defendant with a copy of the complaint. The same process server also attempted to locate Mr. Muñoz, at which time his niece, Plaintiff Alycia Andrade, informed the process server that Mr. Muñoz was deceased. Plaintiff was appointed to act as personal representative of Mr. Muñoz's estate by the probate court in February 2007.

In March 2007, the district court, sua sponte, dismissed Mr. Muñoz's complaint for lack of prosecution because "no significant action" had been taken in 180 days or more in connection with the pending claims. Upon motion of Plaintiff, however, the

district court reopened the case approximately one month later. Then, in April 2008, the court, for a second time, sua sponte, dismissed Plaintiff's complaint for lack of prosecution. And again, on motion of Plaintiff, the court reopened the case. Having been unable to locate Defendant personally, Plaintiff also moved for and was granted leave to serve process upon Defendant by publication in a newspaper of general circulation in Bernalillo County, the Health City Sun. For three weeks, beginning in July 2008, the Health City Sun published notice of the pending suit. In August 2008, Plaintiff filed an amended complaint that named Andrade as Plaintiff in her capacity as personal representative of the estate of Mr. Muñoz.

Defendant's counsel, who did not know where Defendant could be served, entered a limited special appearance on behalf of Defendant pursuant to an insurance contract between Defendant and her insurer, Phoenix Indemnity Insurance Company. Defendant's counsel filed a motion to quash service by publication, arguing that personal service was required for the court to gain jurisdiction over Defendant. At a hearing on the motion, the court found that service by publication may be appropriate in the case so long as Plaintiff could prove to the court that she "made all reasonable efforts to find Defendant," but that, leading up to the July 2008 publication, Plaintiff had not satisfied that requirement by filing the appropriate affidavit at the time the motion for service of process by publication was made. Therefore, the court granted

3

the motion to quash and granted leave to Plaintiff to once again move for service by publication provided that, following further efforts to find Defendant, Plaintiff was unable to locate her.

In May 2009, Plaintiff filed her second motion to serve by publication that attached an affidavit by Plaintiff's counsel attesting to the efforts made in attempting to personally serve Defendant. At a June hearing on the motion, the district court inquired about Plaintiff's specific efforts to search for Defendant. Rather than ruling on the motion at the hearing, the court advised Plaintiff that if she could provide proof of her specific efforts, the court would sign the order allowing service by publication. Although the court requested documentary proof within a "couple of days" from the hearing, such documentation was never presented to the court. Eleven days after that hearing, Plaintiff personally served Defendant on June 29, 2009.

Defendant filed a motion to dismiss pursuant to Rule 1-041(E)(1). At a hearing on the motion, the court found that under Rule 1-041 Plaintiff failed to take any significant action in the case and granted Defendant's motion to dismiss the case with prejudice. Plaintiff appeals that order.

On appeal, Plaintiff asserts eight arguments and then abandons two of them. Of the six remaining arguments, four relate to the Rule 1-041(E) dismissal, one asserts that defense counsel violated certain rules, and one asserts infringed rights due to the

timing of defense affidavits. We hold lack of reversible error, and we affirm the district court's dismissal.

**DISCUSSION**

We review for abuse of discretion. *See Albuquerque Prods. Credit Ass'n v. Martinez*, 91 N.M. 317, 319-20, 573 P.2d 672, 674-75 (1978) ("The trial court should determine . . . whether . . . action has been timely taken by the plaintiff . . . and, if not, whether [the plaintiff] has been excusably prevented from taking such action."); *see also Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 ("Admission or exclusion of evidence is a matter within the discretion of the trial court and the court's determination will not be disturbed on appeal in the absence of a clear abuse of that discretion." (internal quotation marks and citation omitted)).

**Dismissal Pursuant to Rule 1-041(E)(1)**

Rule 1-041(E)(1) provides that:

> Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two . . . years from the filing of such action or claim.

In *State ex rel. Reynolds v. Molybdenum Corp. of America*, 83 N.M. 690, 697, 496 P.2d 1086, 1093 (1972), our Supreme Court provided a two-part framework for district courts' application of Rule 1-041. The *Reynolds* Court explained that the

district court should (1) determine whether the plaintiff has, within the relevant time period, taken any significant action to bring the claim to trial and, if not, (2) whether the plaintiff was excusably prevented from taking such action. *Id.* The *Reynolds* Court further held that upon a Rule 1-041 motion to dismiss, the district court should hold a hearing at which the parties may present evidence on the issue of whether the plaintiff failed to take action to resolve the case within the time period prescribed by the rule. *Id.* New Mexico courts have purposefully avoided making any "attempt to fix a standard of what action is sufficient to satisfy the requirement of [Rule 1-041], for each case must be determined upon its own particular facts and circumstances." *Stoll v. Dow*, 105 N.M. 316, 319, 731 P.2d 1360, 1363 (Ct. App. 1986) (internal quotation marks and citation omitted).

For purposes of analysis of Plaintiff's arguments, we view her Rule 1-041 contentions within the framework of the *Reynolds* test. In regard to the first aspect of the *Reynolds* test, whether Plaintiff took significant action within two years of filing her complaint, *see Reynolds*, 83 N.M. at 697, 496 P.2d at 1093, Plaintiff contends that she made "diligent attempts" to find and personally serve Defendant. At a hearing on Defendant's Rule 1-041 motion to dismiss, the district court allowed both parties to present evidence of what Plaintiff did in the two years following the complaint to move the case to a final disposition. Defendant argued that, not only did she

(Defendant) not do anything to prevent service of process, but that Plaintiff failed to "do a postal locate" on Defendant through the U.S. Postal Service website, failed to attempt service by mail, and did not attempt to name Defendant's insurance company as a party in order to elicit information or otherwise move the case along. Further, Defendant argued that it was only after the suit had been twice dismissed by the court for failure to prosecute that Plaintiff pursued service by publication.

In response, Plaintiff's counsel called as a witness, his office employee, Julie McGrath, who testified that she was "in charge of attempting to serve" Defendant. Ms. McGrath testified that her efforts to locate Defendant included hiring a process server who went to Defendant's address as listed on the police report and to at least one other address that Ms. McGrath found on a public search engine. The process server interviewed neighbors who sent her (the process server) to Bridge Street, where she interviewed people who knew Defendant but who "had no idea where she was[.]" Ms. McGrath also testified that she searched metropolitan court records, did a motor vehicle search, and used a legal research engine which Ms. McGrath described as "exhaustive" and inclusive of "all public records[,]" including postal and lease records. Ms. McGrath testified that she did "not specifically" look for a forwarding address through the post office but she assumed that the process server did. Ms. McGrath further testified that these efforts were made in the first week after the

7

complaint was filed. In response to the court's query, Ms. McGrath stated that, following the case's dismissal for lack of prosecution, she repeated the same efforts to find Defendant, but did not "pull up any new information." Ms. McGrath did not have documentary evidence of the more recent search and stated that she would have to submit it to the court later. Plaintiff did not provide any evidence to show that Defendant intentionally avoided service of process.

Based on the totality of the circumstances, the district court could reasonably conclude that the time from Mr. Muñoz's June 12, 2006, complaint, to at least the June 29, 2009, personal service of process on Defendant was inexcusably dilatory. And when combined with Plaintiff's failures in regard to service of process, the delay amounted not only to a failure to take any significant action as required under Rule 1-041(E)(1) during the initial two-year period following June 12, 2006, but also amounted to a failure to take any significant action to bring the claim to trial or other final disposition for another full year after June 12, 2008.

We turn now to the second aspect of the *Reynolds* test, whether Plaintiff was excusably prevented from taking significant action to move the case toward resolution. 83 N.M. at 697, 496 P.2d at 1093. Plaintiff's argument in this regard focuses on Defendant's having been "living under the radar" and, in Plaintiff's view, intentionally evading personal service. Whether Defendant was or was not "living

under the radar" does not excuse Plaintiff from not having taken other action to move the case forward. As stated by the district court, "[r]egardless of whether [Defendant] was not available . . . [Plaintiff was] allowed to serve by publication. [Plaintiff] didn't ask to serve by publication until [the case had] been dismissed twice for lack of prosecution. And then even after that, nothing happened for an exceedingly long period of time[.]" *Cf. Stoll,* 105 N.M. at 319, 731 P.2d at 1363 (rejecting the plaintiff's excuse that it was "impossible to obtain a judge to try the case" because the record reflected that the defendants were able to obtain a judge to hear their motion to dismiss). Thus, it is clear from the record that notwithstanding Plaintiff's inability to serve Defendant personally, the case could have moved forward by service of publication had Plaintiff attempted to do so earlier. Based on our review of the record and the briefs of the parties, we hold that the district court did not abuse its discretion or otherwise err in dismissing Plaintiff's amended complaint with prejudice under Rule 1-041(E).

**Defense Counsel's Appearance**

Plaintiff argues that Defendant's counsel violated the Rules of Professional Conduct because counsel was acting "without authority from Defendant" in violation of Rule 16-102(C) NMRA. Rule 16-102(C) provides that "[a] lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and

9

the client gives informed consent." Plaintiff does not make any persuasive argument regarding the applicability of Rule 16-102(C) to the circumstances of this case. Moreover, Plaintiff does not show that she has standing to assert Defendant's rights under Rule 16-102(C) or to obtain relief from the court's Rule 1-041 ruling even if counsel violated Rule 16-102(C). *See N.M. Gamefowl Ass'n, Inc. v. State ex rel. King*, 2009-NMCA-088, ¶ 13, 146 N.M. 758, 215 P.3d 67 ("In order to establish standing, a plaintiff must demonstrate the existence of (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." (internal quotation marks and citation omitted)).

We do not address Plaintiff's argument regarding Rule 1-089(A) NMRA. Rule 1-089(A) is applicable to those cases in which "an attorney's appearance is limited pursuant to Paragraph C of Rule 16-102[.]" The record reveals that Defendant's counsel did not limit its representation under any provision of the Rules of Professional Conduct and therefore Rule 1-089 does not apply. "This Court will not consider and counsel should not refer to matters not of record in their briefs." *In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431. Insofar as it is unsupported by the record, we will not consider this issue.

10

Plaintiff also argues that defense counsel's special entry of appearance constituted a general entry of appearance and acceptance of service on behalf of Defendant. We review this issue de novo. *See TPL, Inc. v. N.M. Taxation & Revenue Dep't*, 2003-NMSC-007, ¶ 10, 133 N.M. 447, 64 P.3d 474 (stating that legal conclusions and statutory interpretation are questions of law, subject to de novo review).

The record reflects that defense counsel, in August 2008, filed a motion pursuant to a limited special entry of appearance "for the sole purposes of seeking to quash Plaintiff's purported publication by service and of seeking dismissal of the claims against Defendant[.]" New Mexico courts have "consistently followed the rule" that if counsel's appearance is limited to the purpose of objecting to jurisdiction "and is confined solely to the question of jurisdiction, then the appearance is special[,]" but any further action will amount to a general appearance. *Barreras v. N.M. Motor Vehicle Div.*, 2005-NMCA-055, ¶ 7, 137 N.M. 435, 112 P.3d 296 (internal quotation marks and citation omitted).

At a hearing on Defendant's motion to quash and to dismiss the claims against Defendant, the court held that if defense counsel was entering a special appearance, the court could only address the jurisdictional issue. The court explained "I think a [m]otion to [d]ismiss is beyond a special appearance, it's a general appearance, so if

11

you want me to deal with the [m]otion to [d]ismiss, then I think we're in a different place in the case." In response, defense counsel explained that the motions were presented in the alternative. The hearing proceeded only on the issue of jurisdiction and defense counsel withdrew the motion to dismiss. Plaintiff does not appeal the district court's decision to allow Defendant to withdraw the motion to dismiss.

At the September hearing on Defendant's Rule 1-041 motion to dismiss, defense counsel entered an unopposed general appearance on behalf of Defendant. Prior to defense counsel's general entry of appearance, there is no indication in the record that the district court considered any of defense counsel's arguments or pleadings except for those regarding jurisdiction. As indicated by *Barreras*, defense counsel's jurisdictional objections were permissible under a special appearance. *See* 2005-NMCA-055, ¶ 7. In this regard, we see no basis for reversal.

**Defense Affidavits**

In August 2009, Plaintiff filed a response to Defendant's motion to dismiss. Attached to Defendant's reply to that response was an affidavit by Defendant in which she discussed her whereabouts since the time of the automobile accident and stated that she had not intentionally evaded personal service of process or concealed herself within the state. Defendant contends that the court erred in allowing the affidavit to be filed with the reply. Plaintiff argues that the affidavit, which "asserted new facts"

12

was admitted "to the detriment of Plaintiff[.]" Although Plaintiff objected to the admission of the affidavit and argues on appeal that "the rights of a litigant are unconstitutionally infringed if a material issue is raised for the first time in a reply . . . without an opportunity for some response to be heard[,]" we are not persuaded that Plaintiff suffered any harm or was prejudiced as the result of the affidavit having been attached to Defendant's filed reply. First, we are not convinced that the affidavit raised a material issue for the first time. The issue of Defendant's whereabouts and the efforts to locate her, including allegations that she purposefully evaded personal service and concealed herself within the state were raised by Plaintiff throughout all of the proceedings in the district court. Second, there is no indication in the record that Plaintiff attempted to respond, but was prevented from responding, to the information contained in the affidavit. And finally, there is nothing in the court's holding to indicate what, if any, effect the affidavit had on its decision to dismiss pursuant to Rule 1-041. It is well established that "[a]n assertion of prejudice is not a showing of prejudice[,]" *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318, and Plaintiff has failed to show how she was prejudiced by the admission of Defendant's affidavit. We see no basis for reversal.

**CONCLUSION**

We affirm the district court's dismissal.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**