This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PATRICIA SANDOVAL METOYER,**

Petitioner-Appellee,

v.                                        NO.  33,410

**JOHN BARNCASTLE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Patricia Sandoval Metoyer
Albuquerque, NM

Pro Se Appellee


John Barncastle
Albuquerque, NM

Pro Se Appellant


# MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Appellant John Barncastle (Respondent) appeals pro se from the district court's restraining order preventing him from having any contact with his mother and from

the court's issuance of a bench warrant based on his failure to appear at the hearing on the restraining order. [RP 29, 47, 57] Our notice proposed to affirm. In response, Respondent filed a memorandum in opposition, a "notice of errata" for the memorandum in opposition, and a motion to supplement the record proper. We deny Respondent's motion and remain unpersuaded by his arguments. We therefore affirm.

{2}	We address first Respondent's motion to supplement. [Ct.App.File, blue clip] Respondent's motion asserts that careful review of the audio proceedings is required for proper assessment of his appeal [motion 2]; Respondent similarly argues in his memorandum in opposition that this Court needs to listen to and review the contents of the audio recording of the October 10, 2013, hearing. [MIO 4, 5, 6] Under our Rules of Appellate Procedure, a transcript is not filed unless a case is assigned to the non-summary calendar. *See* Rule 12-210 NMRA. This case has not been so assigned because our review on the summary calendar, as discussed below, assures us that affirmance is merited. The motion to supplement is denied.

{3}	Respondent continues to argue issues (1), (7), (8), & (9), which all relate to the central contention that there was a lack of sufficient evidence to support the district court's decision to issue an order of protection. [DS 5, 6, 8, 9; MIO 1] *See State v. Akers*, 2010-NMCA-103, ¶ 32, 149 N.M. 53, 243 P.3d 757 (setting forth our standard of review). We acknowledge Respondent's dissatisfaction with our grouping of

2

Respondent's issues into one over-arching issue challenging the sufficiency of the evidence. [MIO 1] However, because the issues relate to a central challenge to the sufficiency of the evidence, it is appropriate for us to group Respondent's issues as such.

{4}       As set forth in our notice, evidence was Respondent committed the following acts against Appellee Patricia Sandoval Metoyer (Petitioner): threatened her [RP 2], screamed in her face [RP 2], threatened to put her in a home [RP 2; DS 9], stole her keys [RP 2; DS 8], took her security fob without her permission [RP 2], went through her personal papers [RP 2], and exhibited an escalating temper which made Petitioner afraid of Respondent. [RP 2; DS 9] For the reasons articulated in our notice, we hold that the foregoing evidence supports issuance of the restraining order. In so holding, we thus disagree with Respondent's view that Petitioner "failed to state any claim or provide the district court any evidence" to support the order of protection. [MIO 1] Although Respondent believes the evidence was insufficient because Petitioner "failed to submit any dates and times of the numerous allegations" [MIO 2, 3, 4], this was a matter for the district court as factfinder to assess. *See id.* (providing that on appeal we do not re-weigh the evidence or substitute our judgment for that of the district court). Similarly, while Respondent maintains that Petitioner's daughter "dictated Petitioner's testimony at the hearing" by telling her what to say [DS 5; MIO 4], this

3

too was a matter for the factfinder to assess. *Id.* We further note that Respondent has misunderstood why we referenced criminal statutes in our notice. We did so not to threaten Respondent, as he wrongly asserts [MIO 3, 7-8], but instead to reference these statutes as a guide for what "harassment" is and why Respondent's conduct toward Petitioner constituted harassment even if he did not engage physical violence or threats of physical harm. [DS 9]

{5}     Apart from his challenge to the sufficiency of the evidence, Respondent continues to argue in issue (2) that the district court erred in failing to respond to his suggested options for an alternate hearing date and setting based on Respondent's assertion that his multiple arrests by the security detail for the Second Judicial Courthouse necessitated his suggested options. [DS 3-4; RP 19-20; MIO 5-6] For the reasons detailed in our notice, we perceive no abuse of discretion in the district court's denial of Respondent's suggested changes. *See Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 (deeming a motion to be implicitly denied where the district court's actions are inconsistent with the granting of the motion). Although Respondent argues that the district court "completely ignored" and was "making light" of his motions [MIO 5], we do not agree with this characterization of the court's actions. Instead, given the lack of merit as discussed in our notice, we conclude that the district court properly denied Respondent's motions.

**{6}** Respondent also continues to argue issues (3), (5), & (13), which relate to Respondent's assertions of improprieties in the way the district court handled his pleadings. [DS 4-6; MIO 6] As we stated in our notice, we are not persuaded that these alleged improprieties affected the outcome of the proceedings or prevented Respondent from presenting his arguments to the district court. *See Sheraden v. Black*, 1988-NMCA-016, ¶ 10, 107 N.M. 76, 752 P.2d 791 (recognizing that the appellate court will only correct errors that affect the result of the case). Similarly, while Respondent maintains in issue (6) that the district court granted the order of protection "after blindly denying" Respondent's motions [DS 7; MIO 6], we disagree. Instead, our review—as discussed in relation to Respondent's sufficiency challenge—provides that the district court entered the order of protection because the evidence supported entry of such order.

**{7}** In issues (10) - (12), Respondent continues to argue that a warrant was improperly issued for his failure to appear and that he was improperly jailed. [DS 9-12; MIO 7] For reasons detailed in our notice, we conclude that these issues lack merit. While Respondent maintains that the circumstances did not justify the warrant and jail time because he did not have safe access to the courthouse, the district court was free to reject this view of the circumstances. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the

5

district court acting in its role as factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

{8}   Lastly, Respondent's memorandum in opposition does not further address his docketing statement issue (4) that the service of process for the restraining order was inadequate. [DS 5; RP 9, 11] *See Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 (stating that a failure to respond to a calendar notice constitutes acceptance of the proposed disposition). For the reasons provided in our notice, any defect in service was waived when Respondent filed pleadings and entered his appearance. [RP 17, 28] *See Collado v. N. M. Motor Vehicle Div.*, 2005-NMCA-056, ¶ 11, 137 N.M. 442, 112 P.3d 303 (holding that failure to object to jurisdiction by making limited appearance in case waives defects in service of process).

{9}   Based on our notice and the foregoing discussion, we affirm.

{10}   **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**