This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JEAN-CLAUDE DE-GRIMALDI,**

Petitioner-Appellee,

v.                                                            **No. 35,733**

**LEITH EATON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia F. LaMar, District Judge**

Jean-Claude De-Grimaldi
Corona Del Mar, CA

Pro Se Appellee

Sitterly Law Firm, L.L.C.
Nicholas Sitterly
Albuquerque, NM

L. Helen Bennett
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Respondent appeals from an annulment decree of marriage and permanent injunction. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. We affirm the district court.

{2}     **Issue 1:** Respondent continues to challenge the district court's decision to invalidate the marriage, as opposed to dissolution. [MIO 5] As our Supreme Court has observed, "[f]or a marriage to be valid, it must be formally entered into by contract and solemnized before an appropriate official." *Merrill v. Davis*, 1983-NMSC-070, ¶ 8, 100 N.M. 552, 673 P.2d 1285; *see* NMSA 1978, § 40-1-1 (1862-1863) (stating that marriage is a civil contract, requiring consent of the contracting parties). In this case, Petitioner's claim of fear was essentially an argument that there was never a "meeting of the minds," which "goes to the question of whether a contract was formed in the first place." *B & W Constr. Co. v. N.C. Ribble Co.*, 1987-NMSC-019, ¶ 22, 105 N.M. 448, 734 P.2d 226 (internal quotation marks omitted). Under the circumstances here, the "meeting of the minds" issue needed to be resolved on the basis of whether Petitioner's testimony was believable. Given that this Court lacks any opportunity to observe demeanor, we cannot weigh the credibility of live witnesses. *See Tallman v. ABF (Arkansas Best Freight)*, 1988-NMCA-091, ¶ 3, 108 N.M. 124, 767 P.2d 363, *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.,* 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. As such, under out standard of review this

Court must defer to the district court, sitting as fact-finder and its decision to believe Petitioner's testimony and that the marriage contract was never formed because there was no "meeting of the minds."

{3}     To the extent that Respondent is challenging [MIO 9-10] the district court's reliance on Petitioner's mental state at the time in question, we believe that the complaint did not need to be amended because this was simply a part of Petitioner's contract argument that was an inherent part of his annulment complaint. In addition, there was no need for expert evidence, because the district court could rely on Petitioner's own testimony with respect to his general mental state at the time the marriage contract was formed.

{4}     **Issue 2:** Respondent continues to argue that the district court lacked personal jurisdiction in this case. [MIO 15] We conclude that Respondent waived the personal jurisdiction challenge. Although Respondent moved to dismiss for lack of personal jurisdiction on the same day her attorney filed an entry of appearance [RP 47, 48], she subsequently engaged in the merits of the action prior to the court's ruling on the issue. In fact, one of her complaints in the motion for reconsideration [RP 439] was that the court failed to rule on the personal jurisdiction issue until late in the litigation. Because she chose to engage in the litigation beyond her initial objection, we hold that she waived personal jurisdiction. *See Barreras v. N.m. Motor Vehicle Div.*,

2005-NMCA-055, ¶ 7, 137 N.M. 435, 112 P.3d 296 (stating that general appearance waives challenge to personal jurisdiction); *Guthrie v. Threlkeld Co.*, 1948-NMSC-017, ¶ 8, 52 N.M. 93, 192 P.2d 307 (stating that "any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance" (internal quotation marks and citation omitted)).

{5}     **Issue 3:** Respondent challenges the district court's ruling that she be permanently enjoined "from using in connection with her name, any part of Petitioner's name, titles, or references associated to the Principality of Monaco." [RP 436; MIO 17] An injunction is an equitable remedy, left to the sound discretion of the district court. *See Cafeteria Operators, L.P. v. Coronado-Santa Fe Assocs., L.P.*, 1998-NMCA-005, ¶ 19, 124 N.M. 440, 952 P.2d 435. Here, under the unique circumstances of this case, we do not believe that the district court abused its discretion, because Petitioner's claim was essentially that Respondent had taken advantage of him, and was continuing this abuse by appropriating his name and alleged titles. *Cf. In re Mokiligon*, 2005-NMCA-021, ¶ 8, 137 N.M. 22, 106 P.3d 584 (observing that name changes may be denied where there is attempted fraud on the public). With respect to Respondent's claim that she did no harm, we note that harm is one of many factors to be considered. *See Wilcox v. Timberon Protective Ass'n*, 1990-NMCA-137, ¶ 29, 111 N.M. 478, 806 P.2d 1068, *abrogated on other grounds*

4

*by Agua Fria v. Rowe*, 2011-NMCA-054, 149 N.M. 812, 255 P.3d 390. In light of the district court's finding of misconduct on Respondent's part, we believe that the district court could craft a remedy that was specifically directed to the nature of the misconduct and any alleged fruits that it bore.

{6}    For the reasons set forth above, we affirm.

{7}    **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief  Judge**


_____
**JONATHAN B. SUTIN, Judge**