This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41713

PARKER LAYTON, as Personal
Representative of the ESTATE OF
REBECCA LAYTON,

 Plaintiff-Appellant,

v.

WILLIAM "BILLY" FRANZOY;
BILLY THE KID PRODUCE, LLC;
KIDD-O RANCH, LLC; and
MIMBRES RANCH, LLC,

 Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Court Judge

Carrillo Law Firm, P.C.
Raúl A. Carrillo, Jr.
Las Cruces, NM

Karen E. Wootton Legal Services, P.C.
Karen E. Wootton
Las Cruces, NM

for Appellant

Atkinson & Kelsey, P.A.
Thomas C. Montoya
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BLACK, Judge Pro Tem.**

**{1}** Rebecca Layton (Decedent), filed a complaint in the district court alleging that she shared ownership interest in Defendant William Franzoy's three limited liability companies. The district court granted partial summary judgment in favor of Defendant on Decedent's claims. Plaintiff Parker Layton, as personal representative of Decedent's estate, appeals, arguing that the district court erred in determining that (1) Defendant's testimony that he did not intend to form a partnership entitled him to summary judgment; (2) limited liability companies cannot be assets of a partnership; (3) liability for partnership debts is required to support Plaintiff's promissory estoppel claim; and (4) there was no genuine issue of material fact regarding the formation of a partnership. Defendant responds that because the district court granted summary judgment based on the statute of limitations and Plaintiff does not argue the district court erred on this ground, we need not address these arguments. We agree with Defendant and affirm.

## DISCUSSION

**{2}** Decedent filed a complaint against Defendant and his three companies making claims for breach of fiduciary obligations to a partner, demand for accounting, and application for preliminary and permanent injunctive relief; promissory estoppel; and declaratory judgment regarding apportionment of the ownership of each individual business. After the district court resolved the claim for preliminary injunctive relief, Defendant filed a motion for partial summary judgment on the remaining claims. Defendant argued that Decedent's claim for breach of fiduciary duty was barred by the statute of limitations; Decedent failed to plead a contract; Decedent's partnership claims were barred by the Limited Liability Company Act and the Uniform Partnership Act; and her promissory estoppel claim was barred by the statute of limitations. Decedent filed a response, Defendant filed a reply, and the district court held a hearing on the motion. The district court granted Defendant's motion.

**{3}** The district court determined that each of Decedent's claims were barred by the statute of limitations. It also concluded that her claims were barred by the Limited Liability Company Act; that Decedent failed to plead the essential terms of a contract between herself and Defendant; that Decedent did not meet the elements of promissory estoppel; and, finally, that based on these conclusions, she did not have a cause of action for declaratory relief. After the remaining claims were dismissed, Plaintiff appealed.

**{4}** Plaintiff's arguments on appeal are all rooted in the fact that he believes the district court erred in determining there was no partnership between Decedent and Defendant. Plaintiff did not address the district court's conclusions about the statute of limitations in his brief in chief. Indeed, although the district court made other conclusions adverse to Plaintiff related to the agreement Plaintiff alleged existed with Defendant, the central basis for the district court's grant of partial summary judgment to Defendant for all claims was that they were barred by the statute of limitations. "[A]n issue is abandoned on appeal if it is not raised in the brief in chief." *Magnolia Mountain Ltd.*

*P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 34, 139 N.M. 288, 131 P.3d 675; *Collado v. N.M. Motor Vehicle Div.*, 2005-NMCA-056, ¶ 8, 137 N.M. 442, 112 P.3d 303. Although Plaintiff ultimately responded to Defendant's argument in its answer brief regarding the statute of limitations aspect of the district court's ruling, we need not address any arguments Plaintiff makes in his reply brief. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 ("[T]he general rule is that we do not address issues raised for the first time in a reply brief."). We therefore conclude Plaintiff's claim is barred because of his failure to object to the district court's ruling that Plaintiff's causes of actions violated the applicable statute of limitations.

**CONCLUSION**

**{5}** We affirm.

**{6}     IT IS SO ORDERED.**

**BRUCE D. BLACK, Judge Pro Tem.**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**